```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
UNITED STATES OF AMERICA,                        :
                                                 :
         Plaintiff,                              :
                                                 :       04 Cr. 268 (HB)
                    - against -                  :
                                                 :       OPINION &
MICHAEL ORTIZ,                                   :       ORDER
Register No. 55921-054, FCI Otisville,           :
                                                 :
         Defendant.                              :
------------------------------------------------------------------------x
```

**Hon. HAROLD BAER, JR., District Judge:**

This case presents a question of first impression in this district, *i.e.*, whether a crack cocaine offender whose original sentence of imprisonment reflected a downward departure from the statutory minimum qualifies for a sentence reduction pursuant to recent amendments to the United States Sentencing Guidelines for offenses involving crack cocaine.

On July 1, 2004, Michael Ortiz ("Ortiz" or "Defendant") pleaded guilty to one count of conspiracy to possess and distribute more than 50 grams of cocaine base, one count of brandishing a firearm in a drug trafficking offense and one count of possession of firearms by a convicted felon. On August 4, 2005, this Court sentenced Ortiz to a 60-month term of incarceration and a three-year term of supervised release.[1] Ortiz is currently scheduled to be released on June 22, 2008. This Court has considered whether Ortiz qualifies for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), in light of the recent amendments to the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") for offenses involving crack cocaine. For the reasons stated below, despite compelling policy reasons that favor a reduced sentence, Ortiz has not met the statutory requirements for a sentence reduction.

## I. BACKGROUND

Pursuant to a cooperation agreement with the Government, on July 1, 2004, Ortiz pleaded guilty to (1) one count of conspiracy to possess and distribute more than 50 grams of cocaine

---

[1] The statutory sentence range for the first count was 20 years to life imprisonment, the statutory minimum sentence for the second count was 7 years to run consecutive to any other sentence. Thus, the mandatory statutory minimum for Defendant's sentence was 27 years' (324 months') imprisonment. Defendant was sentenced to a term less than the statutory minimum for reasons noted below.

1

base between 1997 and January 27, 2004, in violation of 21 U.S.C. §§ 846, 812, 841 and 841(b)(1)(A); (2) one count of brandishing a firearm in a drug trafficking offense on January 22 and 23, 2004, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (2); and (3) one count of possession of firearms by a convicted felon between at least September 12, 2003 and January 23, 2004, in violation of 18 U.S.C. § 922(g)(1).

Because Ortiz consented to the filing of a prior felony information, the statutory sentence range for count one was 20 years' (240 months') to life imprisonment, and the statutory mandatory minimum sentence for count two was 7 years' (74 months') imprisonment, to run consecutive to any other sentence. Thus, absent relief pursuant to 18 U.S.C. § 3553(e), Ortiz faced a mandatory minimum of 27 years' (324 months') imprisonment.

During the sentencing hearing on August 4, 2005, the Government moved, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), for Ortiz to be sentenced below the statutory mandatory minimums in light of his substantial assistance. Weighing Defendant's cooperation against the crimes to which he pled guilty and his criminal record, the Court sentenced Defendant, "in accordance with the motion that the [G]overnment made," to 5 years' (60 months') imprisonment on each of the three counts to run concurrently, less than one-fifth of the otherwise applicable statutory mandatory minimum sentence of 27 years (324 months). Sentencing Tr. at 12-13.

## II. RECENT AMENDMENTS TO CRACK COCAINE SENTENCING GUIDELINES

Congress passed the Anti-Drug Abuse Act of 1986 ("1986 Act"), 100 Stat. 3207, to establish a two-tiered scheme of five- and ten-year mandatory minimum sentences for drug manufacturing and distribution offenses using weight differences as the sole determinant to identify "major" and "serious" drug dealers. *Kimbrough v. United States*, 128 S. Ct. 558, 566-67 (2007). In addition, Congress in the 1986 Act chose to treat crack cocaine, which was relatively new in the drug market, differently than cocaine powder. Despite the similar chemical makeup and physiological and psychotropic effects, Congress distinguished crack cocaine from the powder form because it believed that crack was more dangerous. *Kimbrough*, 128 S. Ct. at 567.

Congress based its distinct treatment of crack on the following assumptions: crack was highly addictive; crack users and dealers were more likely to be violent than users and dealers of other drugs; crack was more harmful to users than powder; crack use was especially prevalent among teenagers; and crack's potency and low cost were making it increasingly popular.

*Kimbrough*, 128 S. Ct. at 566-67.  Consequently, the 1986 Act adopted a 100-to-1 ratio that treated every gram of crack cocaine as the equivalent of 100 grams of powder cocaine, which yielded sentences for crack cocaine that were three to six times longer than those for cocaine powder offenses involving equal amounts of drugs.  *Kimbrough*, 128 S. Ct. at 566 (citing Sentencing Commission, Report to Congress: Cocaine and Federal Sentencing Policy iv (May 2002), *available at* http://www.ussc.gov/r_congress/02crack/2002crackrpt.pdf) ("2002 Report").

During two decades of experience with the 100-to-1 ratio, the Commission determined that the "crack/powder sentencing disparity is generally unwarranted."  *Kimbrough*, 128 S. Ct. at 568.  Specifically, the Commission recognized that the 100-to-1 ratio "fails to meet the sentencing objectives set forth by Congress in both the Sentencing Reform Act and the 1986 Act" because it did not punish major drug traffickers more severely than low-level dealers and it fostered disrespect for and lack of confidence in the criminal justice system by promoting racial disparity.  *Id.*  The 100-to-1 ratio has tended to punish retail crack dealers more than wholesale drug distributors of powder cocaine from which their crack was produced.  *Kimbrough*, 128 S. Ct. at 568 (citing Sentencing Commission, Special Report to Congress: Cocaine and Federal Sentencing Policy 66-67, 174 (Feb. 1995)).  Approximately 85% of defendants convicted of crack offenses in federal court have been black and therefore the severe sentences have been imposed on primarily black offenders. *Kimbrough*, 128 S. Ct. at 568 (citing 2002 Report 91, 103).

After realizing that the assumptions underlying the 100-to-1 ratio did not reflect reality, starting in 1995, the Sentencing Commission made several attempts to achieve a reduction in the crack/powder ratio, proposing reductions to the powder to crack ratio as low as 5-to-1, only to be rebuffed by Congress at each turn.  *Kimbrough*, 128 S. Ct. at 568-59.  Finally in 2007, the Commission adopted Amendment 706 to the Sentencing Guidelines to address the disparities in the sentences of defendants who possess or distribute various forms of cocaine. Amendments to the Sentencing Guidelines for United States Courts, 72 Fed. Reg. 28571-72 (2007); *see also United States v. Rivera*, 97-cr-0026, 2008 WL 576764, at *1 (E.D. Pa. Mar. 3, 2008).

Though not eliminating the disparity entirely, the November 2007 amendment decreased the ratio between powder and crack cocaine sentences.  Whereas one gram of crack yielded an equivalent sentence to 100 grams of cocaine powder under the old Guidelines, now a sentence based on 4.5 grams of crack is equivalent to one based on 150 grams of powder.  *Rivera*, 2008

WL 576764, at *1. The Commission altered the calculation of base offense levels for offenses involving crack cocaine and other controlled substances to reduce the impact of a crack cocaine conviction. *Id*. Thus, defendants sentenced for a crack offense after the amendments of November 1, 2007 would receive a reduction of two offense levels. *See* Amendments to the Sentencing Guidelines, 72 Fed. Reg. 28571-72.

Put another way, the two-level reduction in the base offense level equates to a reduction of from 3 to 6 times to now a 2 to 5 times longer sentence for crack offenders compared to sentences tied to equal amounts of powder cocaine. The Commission itself recognized this measure as merely a "partial remedy" for the problems generated by the crack/powder disparity and called again for comprehensive legislative action. *See* Sentencing Commission, Report to Congress: Cocaine and Federal Sentencing Policy 10 (May 2007), *available at* http://www.ussc.gov/r_congress/cocaine2007.pdf.

In December 2007, the Supreme Court in *Kimbrough* found the crack/powder disparity inappropriate and pointed out that the cocaine Guidelines like all other Sentencing Guidelines post-*Booker*, are advisory only and that judges may consider the excessive disparity between the Guidelines' treatment of crack and powder cocaine offenses. *Kimbrough v. United States*, 128 S. Ct. at 564 (citing *United States v. Booker*, 543 U.S. 220 (2005)); *see also United States v. Polanco*, 02cr442, 2008 WL 144825, at *2 (S.D.N.Y. Jan. 15, 2008).

While the disparity continues under this advisory regime and legislative action is needed for a more complete overhaul, both the Commission and the Court have finally taken significant steps towards parity and implementation of a more rationalized Sentencing Guidelines. These steps have opened the way for approximately 1,028 defendants in the Second Circuit alone to be eligible for sentence reductions. Mark Hamblett, *Judges Getting a Jump on Crack Resentencing*, N.Y.L.J., Feb. 29, 2008, at 1, 5. Nonetheless, sentencing courts still face some challenges in applying the amendment to the Guidelines vis-à-vis mandatory sentences.

The amendments to the Sentencing Guidelines for offenses involving crack cocaine apply retroactively as of March 3, 2008. Sentencing Guidelines, 73 Fed. Reg. 217-20 (2007). Such a reduction may be made *sua sponte* by the sentencing court. 18 U.S.C. § 3582(c)(2). On February 25, 2008, this Court *sua sponte* ordered counsel for Defendant, after communicating with Ortiz, to make a written submission regarding the impact, if any of the amendments on

Ortiz's sentence and ordered counsel for the Government to respond. This Court has considered the written submissions and the oral arguments presented by both counsel on March 14, 2008.

### III. DISCUSSION

Pursuant to 18 U.S.C. § 3582(c)(2), the Court may modify the sentence of a defendant whose term of imprisonment was based on a sentencing range that has since been lowered by the Sentencing Commission.[2] Defendant's counsel argues that the downward departure in Ortiz's sentence from the statutory minimum term of 324 months to 60 months "removed the effect of the statutory minimums." Def.'s Br. 1, Mar. 5, 2008. Defendant's counsel points to the memorandum of the Probation Office, dated February 25, 2008, which examined whether Ortiz is eligible for a sentence reduction pursuant to U.S.S.G. § 1B1.10 and 18 U.S.C. § 3582(c)(2) and indicated that Ortiz's original Guideline sentencing range was 135 to 168 months based on an offense level of 31 and a criminal history category of III. *Id.* Applying the two-level reduction effected by the Sentencing Guideline amendments, the Probation Office calculated that Ortiz's offense level would now be 29 instead of 31, and his Guideline range therefore would be reduced to 108 to 135 months. Probation's Mem. 3, Feb. 25, 2008.

Defendant's counsel thus asserts that, because Ortiz's original sentence of 60 months was less than the original Guideline sentencing range of 135 to 168 months, Ortiz is eligible for a reduced sentence that is proportionally lower than the amended Guideline sentencing range of 108 to 135 months. Def.'s Br. 2, Mar. 5, 2008. *See* U.S.S.G. § 1B1.10(b)(2)(B) app. n. 3 ("If the original term of imprisonment was less than the term of imprisonment provided by the Guideline range applicable to the defendant at the time of sentencing, a reduction *comparably* less than the amended guideline range . . . may be appropriate.") (emphasis added). Because Ortiz's original sentence was 75 months less than the lower end of the original Guideline sentencing range (135 to 168 months), Defendant's counsel argues that Ortiz's reduced sentence should also be 75 months less than the lower end of the amended Guideline sentencing range (108 to 135 months), or 33 months, which would amount to a sentence of time served. Def.'s Br. 2, Mar. 5, 2008.

---

[2] 18 U.S.C. § 3582(c)(2) states:
> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Even if Ortiz were eligible to a comparable downward departure from the Guideline sentencing range, his counsel's assertion that his new sentence could be 75 months less than the amended Guideline sentencing range is based on an erroneous application of the amended Sentencing Guidelines. The amended Guidelines provide that if the original sentence was less than the Guideline sentencing range, the defendant is eligible for a reduced sentence that represents the same *percentage* decrease from the amended Guideline sentencing range as the *percentage* decrease from the original Guideline sentencing range. *See* U.S.S.G. § 1B1.10(b)(2)(B) app. n. 3. Thus, here, if this Court were to apply the amended Guideline sentencing range (108 to 135 months), Ortiz would be eligible for a 55.6% downward departure from the lower end of the range, or 108 months minus 55.6%, for a reduced sentence of 48 months, because Ortiz's original sentence was a 55.6% downward departure from the lower end of the original Guideline sentencing range (135 to 168 months), or 135 months minus 55.6% (*i.e.*, the original sentence of 60 months). A sentence reduction to 48 months' imprisonment would amount to time served.

The Government argues, however, that the Guideline sentencing range—and any downward departure therefrom—is simply not relevant here because Ortiz's original sentence represented a downward departure from the statutory mandatory minimum pursuant to 18 U.S.C. § 3553(e) and did not invoke the Guideline sentencing range. Therefore, contrary to the conclusion reached by the Probation Office, the Government asserts that Ortiz is not eligible for a reduction of his sentence because his sentence Guidelines range remains unaffected by the recent changes to the Sentencing Guidelines for crack cocaine offenses. Pl.'s Br. 3, Mar. 10, 2008. This Court agrees.

Because the statutory mandatory minimum sentence for Ortiz's offenses, 324 months, was higher than the original Guideline sentencing range of 135 to 168 months, the statutory mandatory minimum sentence became Ortiz's effective Guideline sentence pursuant to U.S.S.G. § 5G1.1. Sentencing Guidelines § 5G1.1 provides in relevant part that "[w]here the statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b). The commentary to § 5G1.1 explains that "[i]f the applicable guideline range is 41-51 months and there is a statutorily required minimum sentence of 60 months, the sentence required by the guidelines under subsection (b) is 60 months." Thus, the statutory mandatory minimum of 324

months became Ortiz's effective Guideline sentence. U.S.S.G. § 5G1.1(b). *See also United States v. Richardson*, No. 05 Cr. 7005, 2008 WL 398969, at *8 (2d Cir. Feb. 15, 2008). The Guideline sentencing range had no bearing on Ortiz's sentence; instead, this Court arrived at Ortiz's sentence by applying a downward departure authorized by 18 U.S.C. § 3553(e) to the statutory minimum. Where the statutory minimum sentence becomes the Guideline sentence under U.S.S.G. § 5G1.1, U.S.S.G. § 5K1.1 "does not, in and of itself authorize a district court to depart below a statutory minimum—such a departure may only occur pursuant to a government motion made under 18 U.S.C. § 3553(e)." *Richardson*, 2008 WL 398969, at *8.

18 U.S.C. § 3553(e) affords a district court, upon the Government's motion, "authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." While 18 U.S.C. § 3553(e) permits a departure from the statutory minimum sentence, 18 U.S.C. § 3553(b) permits a district court to impose a sentence outside the Sentencing Commission's Guideline sentencing range if it "finds that there exists and aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." For example, U.S.S.G. § 5K1.1 permits a court, upon motion by the Government, to depart from the Guideline sentencing range if the defendant "has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." In sum, 18 U.S.C. § 3553(e) permits a court to impose a sentence below the *statutory* minimum when the defendant has provided substantial assistance, and U.S.S.G. § 5K1.1 permits a court to impose a sentence below the Sentencing Commission's *Guideline* minimum when the defendant has provided substantial assistance.

Here, because the statutory minimum was higher than the Guideline range, the statutory minimum became the Guideline sentence and this Court's downward departure therefrom reflected the application of 18 U.S.C. § 3553(e). The Guideline sentencing range was effectively irrelevant to the original sentence. Because the sentencing amendments for offenses involving crack cocaine apply only when a defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," pursuant to 18 U.S.C. § 3582(c)(2), a defendant who was sentenced based on a *statutory* minimum, which has not been lowered, is ineligible for such a sentence reduction. Ortiz, unfortunately, is such a

7

defendant and therefore does not qualify for a sentence reduction under the sentencing amendments for offenses involving crack cocaine.

*Relevant Case Law*

Neither the Second Circuit nor this district has addressed whether a crack offender is eligible for a sentence reduction where the statutory minimum was higher than the Guideline sentencing range and the court imposed a sentence lower than either, pursuant to 18 U.S.C. § 3553(e) due to the defendant's substantial assistance.

A recent opinion from the Northern District of New York supports the Government's argument here that, under such circumstances, the crack offender's sentence does not qualify for a reduction. *United States v. Lewis*, No. 01 Cr. 280, 2008 WL 545008 (N.D.N.Y. Feb. 26, 2008), *reconsideration denied*, 2008 WL 591944 (N.D.N.Y. Feb. 28, 2008).[3] In that case, the crack offender's offense carried a statutory mandatory minimum sentence of 240 months, but the government moved for a downward departure, pursuant to both 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, based on the defendant's substantial assistance. 2008 WL 545008, at *1. The court granted the motion and imposed a sentence of 100 months. *Id.* In response to the defendant's motion for a sentence reduction based on the Sentencing Guidelines amendment, the court agreed with the government that "defendant is not eligible for a reduction in his sentence under 18 U.S.C. § 3582(c)(2) because his sentence was based on the statutory minimum, not the Guidelines, and therefore was unaffected by the Guideline amendments." *Id.* Because the 240-month statutory minimum was greater than the applicable Guidelines sentencing range, the statutory minimum became the Guidelines sentence, and the court had arrived at the defendant's sentence by applying the downward departure authorized by 18 U.S.C. § 3553(e) to the statutory minimum. *Id.* Thus, "the sentencing range in the Guidelines had no bearing on defendant's sentence" since "defendant has not been 'sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)[.]'" *Id.* (quoting 18 U.S.C. § 3582(c)(2)). Therefore, the defendant was ineligible for a reduced sentence.

Faced with a similar situation, the Eighth Circuit also held that a sentence reduction was not warranted where the district court had used the statutory mandatory minimum "as its point of

---

[3] The defendant in United States v. Lewis has appealed to the Second Circuit the Northern District's denial of his motion for a sentence reduction. *United States v. Lewis*, No. 08-1065 (2d Cir., filed Mar. 3, 2008).

departure" in the original sentence. *United States v. Johnson*, No. 07 Cr. 1930, 2008 WL 516518, at *4 (8th Cir. Feb. 28, 2008). In that case, the defendant's statutory minimum sentence was 180 months, but in the original sentencing the government had moved for a reduction under both 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, for substantial assistance. The district court had granted the motion and imposed a sentence of 126 months. *Id.*, at *2. In his appeal, the defendant argued that he should be "resentenced in light of recent amendments to the guidelines" for crack cocaine offenders and that the district court had failed to consider the factors in 18 U.S.C. § 3553(a). *Id.* The Eighth Circuit held that "[i]n reducing a sentence below the statutory minimum under 18 U.S.C. § 3553(e) for a defendant's substantial assistance, a court may only consider factors related to that assistance and may not use the factors in 18 U.S.C. § 3553(a) to decrease the sentence further." *Id.*, at *3. Moreover, the court held that, while the crack cocaine amendments did not apply retroactively until March 3, 2008, "they would not affect [the defendant] in any event because his sentence was subject to statutory mandatory minimums. . . . Since the district court used the 120 month mandatory minimum as its point of departure, resentencing is not warranted." *Id.*, at *4.

In light of the plain language of 18 U.S.C. §§ 3582(c)(2) and 3553(e) and U.S.S.G. § 5G1.1, as well as the limited relevant case law, Defendant's counsel's argument that this Court based its original sentence on the Guidelines sentencing range is without merit. Because the original sentence was based on, and departed downward from, the statutory mandatory minimum, the recent amendments to the Sentencing Guidelines are, regrettably, inapplicable to Ortiz.

### *Policy Considerations*

This case reveals a profound deficiency in the crack cocaine amendment's retroactive application. As Defendant's counsel has noted, "defendants who pled guilty and cooperated with the government—often putting themselves and their families at risk—frequently will be entitled to *no* benefit from the amended guideline, while those who went to trial or did not cooperate *will* receive that benefit." Def.'s Br. 6, Mar. 12, 2008 (emphasis in original). In other words, a crack offender whose sentence was based on a statutory minimum, and not on a Sentencing Guidelines range, cannot benefit from a district court's view that the penalties for distributing crack are excessive under *Kimbrough*, even if that offender provided substantial assistance to the government. Unfortunate as it may be, I cannot exercise here my discretion under *Kimbrough* to

consider the excessive disparity between the sentences for offenses involving cocaine powder and those involving crack. Perhaps a higher authority will right what at least to me seems a regrettable result.

## IV. CONCLUSION

For the reasons stated above, despite compelling policy reasons that favor a reduced sentence, Ortiz has not met the statutory requirements for a sentence reduction and the sought for reduction is denied.

**IT IS SO ORDERED.**

**New York, New York**
**March \_\_\_\_\_, 2008**

_____
U.S.D.J.